IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ALFREDO C. MICHEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-4197-CV-C-NKL |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On August 18, 2005, the United States Magistrate Judge recommended dismissing plaintiff Alfredo C. Michel's claims.[1] The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including plaintiff's numerous additional filings with the court. Plaintiff's complaint is dismissed as frivolous because it is duplicative of previous filings. Michel v. Dormire, No. 05-4178 (W.D. Mo. filed July 27, 2005) and Michel v. Heather, No. 05-4187 (W.D. Mo. filed July 29, 2005).

Plaintiff has several complaints pending with this court and continues to raise the same issues in his complaints. Plaintiff continues to allege he is being given twelve bottles of pork poison with his food daily, that he is being poisoned with the same pork poison through the prison air conditioning vents and water pipes; and that virtually all people at the Jefferson City Correctional Center are conspiring and threatening to kill him. Such claims are clearly fanciful and have no basis-in-fact. The court notes that to the extent plaintiff's numerous continued filings with the court allege denial of dental or medical care, such complaints also appear to be fanciful, and do not appear to have a basis-in-fact. Plaintiff's

---

[1]The court notes that plaintiff's merely identifying his mother and daughter as additional plaintiffs to his claims is insufficient for plaintiff to proceed on their behalf. Plaintiff's mother and daughter did not sign the complaint and have in no manner sought to be represented by plaintiff's action.

request as to antibiotic treatment for his TB disease is based upon his 1999 positive test for TB, but there is no evidence or allegations that he has TB. His complaint as to the denial of dental care is based upon his allegations that he must wait three weeks to get his teeth cleaned and that the dentist is giving him "strong killing treats [threats]."

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On August 18, 2005, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $250.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $250.00 filing fee if he filed another pleading in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $28.07.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $28.07 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $250.00 filing fee is paid in full. It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, as frivolous.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: December 21, 2005
Jefferson City, Missouri